UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YOMONTA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>PRIVATE MORTGAGE INVESTMENTS LLC,<br><br>    Defendant. | Case No. 25-cv-12347<br><br>Honorable Robert J. White |

### ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT AND DISMISSING THE COMPLAINT

Before the Court is *pro se* Plaintiff Yomonta Williams' motion for a temporary restraining order (TRO). (ECF No. 7). Defendant promptly responded in opposition. (ECF No. 8). The Court denies Plaintiff's motion and dismisses Plaintiff's complaint *sua sponte*. Specifically, because dismissal is warranted under the doctrines of *Rooker-Feldman* and *Younger*, the Court denies Plaintiff's motion as moot.

Federal courts have a duty to consider their jurisdiction over each lawsuit and may raise the issue *sua sponte*. *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 304 (6th Cir. 2019). And under the *Rooker-Feldman* doctrine, lower federal courts do

not have subject matter jurisdiction to review final judgments or interlocutory orders from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010); *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021).

Federal courts may also raise the issue of abstention *sua sponte*. *See O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) ("abstention may be raised by the court *sua sponte*"); *see also Louisville Country Club v. Watts*, Nos. 97-5758 and 97-5829, 1999 U.S. App. LEXIS 7828, *7 (6th Cir. Apr. 16, 1999) (unpublished) ("The proper time from which to judge the applicability of *Younger* abstention is the date at which the federal complaint was filed."). The *Younger* abstention doctrine is designed to prevent federal courts from interfering with the functions of state courts while preserving equity and comity. *Doe v. University of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017). The doctrine allows federal courts to "withhold authorized jurisdiction in certain circumstances to avoid undue interference with state court proceedings." *Hill v. Snyder*, 878 F.3d 193, 204 (6th Cir. 2017).

Here, Plaintiff asserts claims for violations of procedural due process and the Protecting Tenants at Foreclosure Act, as well as claims for constructive eviction and "deprivation of property without just cause," related to an eviction proceeding initiated by Defendant in state court. (ECF No. 1, PageID.11-12). Plaintiff alleges that she is a resident and occupant of the subject property but was not named a party

in Defendant's state court case, and that she was deprived of proper notice and a hearing. (ECF No. 1, PageID.11-12). Plaintiff seeks (1) removal of the state action to federal court, (2) to enjoin Defendant from "executing any writ of eviction or otherwise removing Plaintiff from the property without due process," and (3) dismissal of "the underlying complaint for possession." (ECF No. 1, PageID.12).

Plaintiff's motion for a TRO provides the register of actions for the underlying state case. (ECF No. 7, PageID.26-34). This case commenced with Defendant's complaint against Greater Faith Assembly, a church operating at the subject

property,[1] Balance Life Better Enhancement Corporation (BLB),[2] and all occupants of the property. (ECF No. 7, PageID.26).

As relevant here, the state court entered a judgment of possession in April 2025, and it stayed execution of this judgment in May 2025 pending resolution of quiet-title and bankruptcy proceedings. (ECF No. 7, PageID.29-31). Following the filing of a motion to set aside the stay and a hearing on a motion to stay all proceedings, the state court entered an order of eviction on June 17, 2025. (ECF No. 7, PageID.31-32). Then, on July 1, 2025, the court entered an order granting a bankruptcy stay and administratively closed the case. (ECF No. 7, PageID.32-33).

---

[1] *See* Google Search, "Greater Faith Assembly Detroit" <https://www.google.com/search?q=greater+faith+assembly+detroit&sca_esv=8aec5cbe9fd88e72&source=hp&ei=FvSUaJawCunX0PEPgr_HqQs&iflsig=AOw8s4IAAAAaJUCJqnTYVZwmFLGw0Ox-yops9oVOuEz&ved=0ahUKEwiWk93LrfmOAxXpKzQIHYLfMbUQ4dUDCBA&uact=5&oq=greater+faith+assembly+detroit&gs_lp=Egdnd3Mtd2l6Ih5ncmVhdGVyIGZhaXRoIGFzc2VtYmx5IGRldHJvaXQyCxAuGIAEGMcBGK8BMggQABiiBDIIEAAYgAQYogQyCBAAGIAEGKIEMggQABiiBBiiBDIFEAAY7wVIisABUABYsasBcAF4AJABBZgBugqgAfA_qgEQMi4xNy40LjAuMS4zLjEuEuMbgBA8gBAPgBAZgCGKAC7yDCAgsQABiABBiiBBixAxiDAcICERAuGIAEGLEDGIMBGMcBGNEDwgIOEAAYgAQYigUYsQMYYgwHCAggQABiABBixA8ICBRAAGIAEwgIOEC4YgAQYsQMYYxwEY0QPCAggQLhiABBixA8ICCBAuGGL8BGMcBEDGIAEwgILEC4YgAQYxwEY0QPCAgUQLhiABMICCxAuGGK8BGMcBGIAEEwgIGEAAYFhgewgILEAAYgAQYigUYhgYYAwCSBwozLjE2LjQuMC4xoAeLpwKyBwoyLjE2LjQuMC4xuAfmIMIHCDEuMTQuOC4xyAdE&sclient=gws-wiz> accessed Aug. 7, 2025 (Google search results showing Greater Faith Assembly as located at the subject property).

[2] *See* ECF No. 8, PageID.39 (Defendant asserts that BLB previously owned the subject property, Plaintiff's husband owns BLB, and he deeded the property to Defendant in 2024 in lieu of foreclosure).

4

On July 31, 2025, two days after Plaintiff filed this action, the state court reopened the case and reinstated the June 2025 order of eviction, allowing Defendant (as the plaintiff in the state case) to immediately recover possession of the subject property. (ECF No. 7, PageID.33-34).

Plaintiff's motion for a TRO seeks to enjoin the eviction, asserting in relevant part that "removal voids subsequent state-court acts," the state court's possession judgment is void, and "Regulation Z imposes a mandatory obligation to provide a payoff quote." (ECF No. 7, PageID.22, 24-25).

Plaintiff's filings make clear that although she asserts federal question jurisdiction, the complaint is based on an allegedly unlawful eviction proceeding in state court. *See Hackel v. N. Hill Farms I*, No. 25-10779, 2025 U.S. Dist. LEXIS 57533, at *7 (E.D. Mich. Mar. 27, 2025) (concluding the same under similar facts).

   I.   *Younger Abstention*

First, to the extent that the eviction proceedings remain ongoing in state court, the Court declines to exercise jurisdiction under *Younger*.

*Younger* applies to ongoing criminal prosecutions, civil enforcement proceedings akin to a criminal prosecution, and civil proceedings involving certain orders uniquely in furtherance of state courts' judicial functions. *Doe v. University of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017). In such cases, the court considers whether: (1) state proceedings are currently pending; (2) the proceedings involve an

important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims. *Id.*

"Courts have routinely held that where a plaintiff is challenging an ongoing eviction proceeding, all three factors supporting abstention are present." *Hackel*, 2025 U.S. Dist. LEXIS 57533 at *3; *see also Leonard v. Montgomery*, No. 22-4502, 2023 U.S. Dist. LEXIS 14897, at *4 (S.D. Ohio Jan. 27, 2023) (collecting cases); *Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming dismissal based on principles of *Younger* abstention where the plaintiff challenged a state-court foreclosure action); *Goodall v. Casper*, No. 22-543, 2023 U.S. Dist. LEXIS 87252, at *10 (W.D. Ky. May 18, 2023) ("The matters presented in the complaint are clearly the subject of a state housing matter, which is a state interest.") (citation omitted)). And there is no suggestion in the pleadings that any purported federal claim concerning the eviction is barred in the state action. *Szarell v. Summit Cnty. Ct. of Common Pleas*, No. 18-2975, 2019 U.S. Dist. LEXIS 142061, at *5-6 (N.D. Ohio Aug. 21, 2019) (third factor of *Younger* abstention satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Accordingly, if the eviction proceedings are ongoing in state court, a ruling from this court on the present complaint would unduly interfere with any ongoing

state court proceedings. The Court will abstain from hearing Plaintiff's eviction-related claims, and Plaintiff must pursue the matter in state court.

II. *Rooker-Feldman*

Even if the state matter has concluded, the Court lacks jurisdiction under *Rooker-Feldman* because Plaintiff's complaint essentially seeks review of state court orders from the eviction proceedings.

The United States Supreme Court has stated that the *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[3] and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) *see also RLR Invs.*, 4 F.4th at 396 ("Under *Rooker-Feldman*[,] . . . federal district courts don't have jurisdiction over appeals of interlocutory state-court orders.").

"In practice this means that when granting relief on the federal claim would imply that the state-court [decision] on the other issues was incorrect, federal courts do not have jurisdiction . . . ." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003). The Sixth Circuit has explained that, to determine whether the

---

[3] Although the state court's July 31, 2025 order was entered two days after Plaintiff filed her federal complaint, her claims still fundamentally challenge the state proceedings and pre-July 29, 2025 decisions of the state court, including the state court's April 2025 judgment of possession and its June 2025 order of eviction (which was reinstated by the July 31, 2025 order).

7

*Rooker-Feldman* doctrine applies, courts must look to the "source of the injury the plaintiff alleges in the federal complaint," *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006), and "consider what relief the plaintiff requests," *RLR Invs.*, 4 F.4th at 388. If the source of the plaintiff's injury is the state-court decision, then *Rooker-Feldman* bars the claim. *McCormick*, 451 F.3d at 393; *RLR Invs.*, 4 F.4th at 388 ("the test is whether the plaintiff's injury stems from the state-court judgment, not whether the claims [asserted in state and federal court] are identical"). "A court cannot determine the source of the injury without reference to [the plaintiff's] request for relief." *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (punctuation modified).

      Here, Plaintiff's requested relief stems directly from the state court's orders in the eviction proceedings. As stated, she seeks to remove the eviction action to federal court; enjoin the execution of any eviction, preventing her removal from the property; and dismiss Defendant's state complaint for possession. And Plaintiff's motion for a TRO clarifies that the injury at issue is her (potential) removal from the property (*see* ECF No. 7, PageID.22), a direct result of the state court's decisions.

      Plaintiff's claims are thus "'inextricably intertwined' with issues decided in state court proceedings," *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)), and the Court may not exercise jurisdiction over such claims.

8

Indeed, numerous courts have made the same conclusion under similar facts. *See e.g., Revere v. Bank of New York*, No. 09-11851, 2009 U.S. Dist. LEXIS 77793, at *8-9 (E.D. Mich. Aug. 31, 2009) (where the plaintiff's claims were essentially an appeal of the state court decision regarding eviction and foreclosure, the claims were "inextricably intertwined" with issues decided in state court, and the action barred by *Rooker-Feldman*); *Leaphart v. Det. Hous. Comm'n*, No. 12-13960, 2012 U.S. Dist. LEXIS 197246, at *4 (E.D. Mich. Oct. 18, 2012) ("An action which seeks to prevent the execution of an order of eviction is exactly the type for which dismissal pursuant to the *Rooker-Feldman* doctrine is appropriate."); *Chapman v. Davis*, No. 24-2051, 2024 U.S. Dist. LEXIS 110663, at *2-3 (S.D. Ohio June 24, 2024) (because the state court's eviction order is the source of the injury Plaintiff seeks to remedy with a TRO, the *Rooker-Feldman* doctrine bars such relief); *Tyson v. RBS Citizens, NA*, No. 11-10852, 2011 U.S. Dist. LEXIS 21284, 2011 WL 830096, at *2-3 (E.D. Mich. Mar. 3, 2011) ("Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings.").

Because Plaintiff essentially challenges state court decisions, seeking to prevent injury effectuated by these decisions, the court may not exercise jurisdiction over this matter.

\* \* \*

For the reasons given, the Court ORDERS that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for a TRO (ECF No. 7) is DENIED as moot.

Dated: August 11, 2025             s/Robert J. White
                                              Robert J. White
                                              United States District Judge